[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE DEFENDANT'S MOTION TO REARGUE DATED MAY 29, 2001, PLAINTIFF'S MOTION FOR CONTEMPT, POST JUDGMENT DATED JUNE 27, 2001 AND THE MOTION TO CLARIFY, POST JUDGMENT DATED JULY 27, 2001
The court, after a trial of three days, to wit; April 10, April 11 and April 12, 2001, issued a memorandum of decision dated May 11, 2001 as concerns the matter in caption. The memorandum of decision was 44 pages in length.
Addressing in the first instance the motion to reargue dated May 29, 2001, the court notes and finds that on September 14, 2001 that the plaintiff and the defendant with their respective counsel appeared before the court as concerns the afore captioned motions, and counsel, as officers of the court, advised the court as to the present state of affairs and their requests as set forth in the three noted motions.
As to the motion for contempt, post judgment, dated June 27, 2001, it would appear pursuant to orders by the court McLachlan, J., that the parties entered into a stipulation dated July 16, 2001, which was dispositive of that motion and there is therefore no need for the court to address that motion at this time.
As to the motion to reargue dated May 29th, counsel for the defendant CT Page 13468-bl brings to the court's attention that incident to the provisions as to alimony appearing on page 41 of the aforementioned memorandum of decision that the court did not touch on whether the award of alimony should terminate upon the plaintiff's death, remarriage or cohabitation with an unrelated person pursuant to statute. Mindful of the length of the memorandum of decision and the tenor thereof, and certain time constraints which existed at the time with regard to this and other matters, through inadvertence or oversight, the court neglected to indicate as concerns the provisions for periodic alimony; that, in fact, the same should terminate upon the death of the plaintiff, the remarriage of the plaintiff or cohabitation with an unrelated person pursuant to statute and in that respect the court therefore does in fact amend its memorandum of decision to that effect.
The defendant's motion to reargue also addresses the issue as to life insurance provided for in the memorandum of decision and terms and conditions thereof. It is indicated that certain financial provisions ordered in the memorandum of decision have in fact been acted upon and completed; to wit, the preservation trust, $2,500.00, personal property, $4,000.00 and the provision as to the $75,000.00 as concerns the 40 Twin Lakes Drive, Waterford, Connecticut property will be finalized as of November 11, 2001. It has also been represented to the court by counsel as officers of the court that the provision with regard to the $25,000.00; the same having to do with the rollover and effectuation of transfer of that sum in favor of the plaintiff has in fact already been accomplished; to wit, on August 23, 2001, and no intentional delay exhibited on the part of the defendant. In fact, it appears that the amount is more than what would presently be the case had it not earlier been resolved. It has been represented to the court that any and all documents and signatures required on the part of the defendant were accomplished without undue delay. It has been represented to the court that the documents requiring the signature of the plaintiff as concerns the rollover funds were effectuated on August 9, 2001 in order that they might be sent to the carrier involved.
In the defendant's motion to reargue dated May 29th, the defendant further asks the court to consider as concerns existing life insurance as to whether or not the same should be periodically reduced, predicated upon his fulfillment of the terms and conditions as set forth in the memorandum of decision including his obligations as to the periodic alimony as each year of the term provided for therein passes.
It would appear particularly mindful of the alternate beneficiary under the policy as represented by counsel; to wit, the daughter of the CT Page 13468-bm plaintiff and the defendant being the alternate beneficiary, that the defendant shall be allowed to decrease his life insurance coverage for the benefit of the plaintiff mindful of the financial acts already accomplished as noted above and the amount of the coverage may be thereafter periodically reduced in accordance with the defendant's obligation on an annual basis for the periodic alimony. In the event of the death, remarriage or cohabitation as noted above on the part of the plaintiff, the life insurance obligation should terminate as well.
Austin, JTR